ALDERMAN, Judge.
Defendant appeals the trial judge’s order denying his motion for discharge pursuant to Fla.R.Crim.P. 3.191. Defendant had entered a plea of nolo contendere to the offense of escape, was adjudged guilty, and sentenced to serve six months consecutively with any sentence now being served. He reserved his right of appeal.
Defendant escaped from the Glades Correctional Institution in Palm Beach County on February 11, 1971. An information charging him with this offense was filed in the Circuit Court of Palm Beach County on February 22, 1971. In December of the same year he was arrested in New Jersey and charged with robbery. On September 5,1972, based upon information provided by *1309 the State of Florida, prison officials in New Jersey erroneously advised defendant that a detainer had been lodged against him based upon a warrant from Dade County, Florida, charging him with escape. On April 30, 1973, defendant mailed a “Demand for Trial” which complied with Rule 3.191(b)(3), except that the document was not filed with the Circuit Court or served on the prosecution attorney of Palm Beach County. Instead the papers were mailed to the court and prosecutor in Dade County, the Attorney General and the Governor of Florida, as well as the Governor and Superintendent of the State Prison in New Jersey. In addition, a legal aid person, on behalf of the defendant, on May 1,1973, wrote to the Director of Corrections for the State of Florida concerning defendant’s demand for speedy trial. No action was taken. Finally in March of 1974, defendant was returned to prison in Florida. His trial was set on October 7,1974, but was not held because of defendant’s plea of nolo contendere.
The State contends that defendant’s demand for trial was not properly filed because it was not filed with the court having jurisdiction and served on the prosecuting attorney as provided by Rule 3.191(b)(3). We disagree and reverse. While there is some confusion as to the degree of fault between the officials of the State of Florida and the State of New Jersey, it is clear that through no fault of the defendant he has been denied his right to a speedy trial. Defendant’s motion for discharge should have been granted.
REVERSED and REMANDED.
MAGER, C. J., and CROSS, J., concur.